IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| DISABILITY RIGHTS ) | |
|    NORTH CAROLINA, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| WAKE COUNTY BOARD OF ) | |
|    EDUCATION, and ) | |
| ROBERT STUREY, in his ) | |
|    individual capacity and in his official ) | |
|    capacity as Senior Director of Special ) | |
|    Education Services, ) | |
| ) | |
|    Defendants. ) | |

## PRELIMINARY STATEMENT

1. Plaintiff, Disability Rights North Carolina ("DRNC"), brings this action for declaratory and injunctive relief pursuant to the Developmental Disabilities Assistance and Bill of Rights Act ("the DD Act"), 42 U.S.C. § 15041 *et seq.*, the Protection and Advocacy of Individual Rights ("PAIR") 29 U.S.C. § 794e, *et seq.*, and 42 U.S.C. § 1983. By this action, DRNC challenges the refusal of the defendants, Wake County Board of Education ("WCBOE") and the Director of Special Education Services for the Wake County Public School System, Robert Sturey ("Mr. Sturey"), to disclose information regarding the identity of parents or guardians of students enrolled in Carroll Middle School and assigned to a specific classroom for children with autism. That information, which consists of names, addresses and phone numbers of parents and guardians, would enable DRNC to seek releases from those parents and guardians for the

students' educational and other records so that DRNC may conduct an investigation into serious allegations of abuse and neglect of students in that classroom. In addition, DRNC seeks access to the classroom in which these events allegedly took place in order to interview students and staff. The refusal by Defendants to produce the requested data or permit the requested access prevents DRNC, the state and federally designated Protection and Advocacy System for persons with disabilities in North Carolina, from fulfilling its statutory mandates of investigating allegations of abuse and neglect as well as providing protection and advocacy services for individuals with disabilities. The Defendants' actions further prevent DRNC from determining whether the rights of students to be free from abuse and illegal restraint are being violated and whether there are appropriate procedures in place to prevent future incidents of abuse and neglect. By this action, DRNC, entrusted, empowered and obligated to protect the civil rights of individuals with disabilities in the State of North Carolina, seeks an order from this Court requiring Defendants to provide the requested information and allow the requested access so that DRNC may discharge its statutory duties and investigate the alleged incidents of abuse and/or neglect.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's federal claims are made pursuant to the DD Act, 42 U.S.C. § 15041 *et seq.,* PAIR, 29 U.S.C. § 794e, *et seq.*, and 42 U.S.C. § 1983. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 & 2202.

3. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) as all of the events and omissions complained of below occurred in this district.

2
Case 5:08-cv-00465-BO   Document 1   Filed 09/16/08   Page 2 of 10

## PARTIES

4. Plaintiff DRNC, the Protection and Advocacy program designated by the Governor of the State of North Carolina to provide protection and advocacy services to individuals with disabilities, is a "person" authorized to seek legal and equitable relief against state officials who deprive them of federally protected rights. DRNC receives federal funds pursuant to the DD Act and PAIR and is thereby obligated to provide protection and advocacy for persons with developmental disabilities and individuals with other disabilities. 42 U.S.C. § 15041 *et seq*.; 29 U.S.C. § 794e. Under these statutes, DRNC is also authorized to investigate suspected incidents of abuse and neglect and to pursue administrative, legal and other remedies on behalf of individuals with disabilities in North Carolina. In order to carry out its investigative, protection and advocacy functions, Congress has authorized Protection and Advocacy systems, including DRNC, to have access to, meet with and interview individuals with disabilities, to have access to the locations where they receive services, to have access to staff who provide services to them, and to have access to their medical and other records under certain conditions. 42 U.S.C. § 15043(a)(2)(B) & (H); 45 C.F.R. § 1386.22(f) & (g). DRNC, a non-profit corporation independent of state government, is incorporated in North Carolina and maintains its primary place of business in Raleigh, North Carolina.

5. Defendant Wake County Board of Education is established pursuant to N.C. Gen. Stat. § 115C-35. It has the capacity to sue and be sued pursuant to N.C. Gen. Stat. § 115C-40. Defendant is a governmental agency to whom the State has delegated its duties to educate its students. Upon information and belief, and to the extent necessary for maintenance of this suit, WCBOE has waived its governmental liability by

3

securing insurance for damages caused by the negligence or tortious actions of its employees and agents. As a public school board, Defendant is considered a municipality under North Carolina law.

6. Defendant Robert Sturey, employed by WCBOE, is the Senior Director of Special Education Services for the Wake County Public School System. As Director of Special Education Services, Mr. Sturey is responsible for the delivery of special education services to eligible students enrolled in the school system and the general oversight of special education operations. Mr. Sturey is being sued in his official capacity as Director of Special Education Services as well as in his individual capacity.

7. Defendants were, at all times relevant to this Complaint, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of North Carolina and/or the County of Wake.

## FACTUAL ALLEGATIONS

8. Defendant WCBOE operates the Wake County Public School System ("school system"). Among the many facilities maintained by the school system is Carroll Middle School, located at 4520 Six Forks Road in Raleigh, NC. Carroll Middle School is a facility as defined in the DD Act and PAIR. 42 U.S.C. § 15043(a)(2)(A)(i); 29 U.S.C. § 794e(f)(2).

9. As part of its regular intake process, DRNC has received complaints from parents of students at Carroll Middle School. These complaints, which were received by DRNC between May and August, 2008, have included allegations that the students in the classroom that is devoted to teaching children with autism have been subjected to inappropriate restraint. Specifically, these allegations include one claim that handcuffs

were placed around the ankles of a student with autism by either a classroom assistant or a school resource officer.

10. The allegations made to DRNC also included one claim that another student in the classroom for children with autism received bruises from an inappropriate restraint and that neither the restraint nor the injury was properly reported or documented. These parents also informed DRNC that students were encouraged to wrestle with one another and with school employees as a method for the students to "release their aggression." Specifically, these allegations include claims that the wrestling was done with the classroom teacher's knowledge and that the classroom teaching assistants were directly involved in wrestling with the students.

11. As a result of the complaints as set forth in the previous paragraphs, DRNC determined that it had probable cause as that term is defined in 45 C.F.R. § 1386.19 to suspect that the students with disabilities in the autism classroom at Carroll Middle School were being subjected to abuse and neglect, thus meriting further investigation. Based upon this probable cause determination, DRNC undertook an investigation of events occurring at the autism class at Carroll Middle School pursuant to its federal authority under the DD Act and PAIR.

12. In a letter dated August 25, 2008, DRNC notified Defendant Robert Sturey, the Director of Special Education Services for Wake County Public Schools, that attorneys and advocates from DRNC would be investigating the allegations concerning the use of improper restraints in the classroom for children with autism at Carroll Middle School. As a part of that investigation, DRNC requested that the school system provide it with the names and addresses of the parents of the children in that classroom so that

written releases might be obtained, thus permitting DRNC to review the education plans and other school records of each student as deemed necessary for the investigation. DRNC also requested that its investigators be given access to the classroom in order to speak with students and staff. The letter provided detail concerning the statutory basis for the request. Letter from Kristine Sullivan to Bob Sturey, attached as Exhibit 1.

13. By letter dated September 5, 2008 counsel for Defendants responded to DRNC's letter and, citing purported privacy concerns, refused to provide the contact information to DRNC. *See* Letter from R. Kennedy to DRNC, attached as Exhibit 2.

14. In further discussions, Defendants also refused to permit DRNC to have access to the classroom so that the students and staff might be questioned about the alleged abuse. Rather, Defendants offered only to permit DRNC to inspect the classroom after the school day had ended and students and staff were no longer present. Defendants further stated that they would merely inform the staff of DRNC's interest in speaking to them. However, the school system would not make its staff available to DRNC or permit the staff to be interviewed on school property, and would, in fact, instruct the staff to refrain from disclosing any information "derived from the students' records." The refusal of Defendants to cooperate with the investigation commenced by DRNC was based upon the same purported privacy concerns articulated in its earlier letter.

15. The actions of the Defendants, by refusing to provide to DRNC the requested contact information and the requested access, have substantially interfered with DRNC's ability to conduct its investigation of the alleged abuse. DRNC has been harmed by the Defendants' actions in that its mission to provide protection and advocacy services for students with disabilities and to investigate incidents of abuse has been

6

Case 5:08-cv-00465-BO   Document 1   Filed 09/16/08   Page 6 of 10

frustrated. As a result of Defendants' actions, DRNC has suffered and will continue to suffer irreparable harm for which there is no remedy at law, as it is prevented from carrying out one of its core responsibilities – the investigation of "incidents of abuse and neglect of individuals with developmental disabilities." 42 U.S.C. § 15043.

## CLAIMS FOR RELIEF

### First Claim for Relief – Violation of the DD Act

16. DRNC, as North Carolina's designated Protection and Advocacy system, has the authority to investigate incidents of abuse and neglect of individuals with developmental disabilities in order to protect the rights of individuals with disabilities if there is probable cause to believe that the incidents occurred. 42 U.S.C. § 15043(a)(2)(B).

17. The DD Act specifically grants to DRNC the authority to access locations that provide services, supports and other assistance to individuals with developmental disabilities to protect the rights of those individuals. 42 U.S.C. § 15043(a)(2)(H); 45 C.F.R. § 1386.22(f) & (g).

18. DRNC has the authority to have access to records of individuals with developmental disabilities, including the names and contact information for parents and guardians of students in order to protect the rights of individuals with developmental disabilities. 42 U.S.C. § 15043(a)(2)(I) & (J); 45 C.F.R. § 1386.22(a)-(e).

19. Defendants' refusal to permit DRNC to have meaningful access to the locations in which services, supports or other assistance is provided, individuals who might reasonably be believed by DRNC to have knowledge of the incidents under investigation, or produce the requested contact information violates the DD Act.

20. Plaintiff has no adequate remedy at law.

### Second Claim for Relief – Violation of PAIR

21. Plaintiff incorporates and re-alleges paragraphs 1 through 20.

22. DRNC, as North Carolina's designated Protection and Advocacy system, has the authority to investigate incidents of abuse and neglect of individuals with disabilities under PAIR in order to protect the rights of individuals with disabilities if there is probable cause to believe that the incidents occurred. 29 U.S.C. § 794e(f)(2).

23. PAIR, by incorporating the access provisions of the DD Act, specifically grants to DRNC the authority to access the locations that provide services, supports and other assistance to individuals with disabilities in order to protect the rights of those individuals. 26 U.S.C. § 794e(f)(2).

24. DRNC has the authority to have access to records of individuals with disabilities, including the names and contact information for parents and guardians of students in order to protect the rights of those individuals. 26 U.S.C. § 794e(f)(2).

25. Defendants' refusal to permit DRNC to have meaningful access to the locations in which services, supports or other assistance is provided, individuals who might reasonably be believed by DRNC to have knowledge of the incidents under investigation, or produce the requested name and contact information violates PAIR.

26. Plaintiff has no adequate remedy at law.

### Third Claim for Relief – Violation of 42 U.S.C. § 1983

27. Plaintiff incorporates and re-alleges paragraphs 1 through 26.

28. The Civil Rights Act of 1871, 42 U.S.C. § 1983, states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any

State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

29. Defendant Wake County Board of Education, a municipality and government agency acting in its official capacity, and Defendant Robert Sturey, acting in both his individual capacity and in his official capacity as Director of Special Education Services, engaged in state action infringing § 1983 by violating clearly established federal rights in the DD Act and PAIR.

30. Defendants engaged in an official policy and/or custom of denying access to records and information to which Plaintiff is entitled under federal law.

31. The harm Defendants' violations caused Plaintiff includes: causing undue delay and infringing DRNC's ability to fulfill its federal mandate to investigate and protect individuals with disabilities in North Carolina.

32. Plaintiff DRNC claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants for violation of federal rights under color of law.

33. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff DRNC, having complained of the Defendants, respectfully requests that this Court:

A. Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that the Defendants' actions violate the DD Act, PAIR and 42 U.S.C. § 1983 by:

9

    i) Denying the plaintiff meaningful access to the classroom in which the alleged abuse took place and refusing to produce the requested contact information of parents and/or guardians of students enrolled in the autism class at Carroll Middle School; and

    ii) Preventing DRNC from fully performing its statutory duty to investigate incidents of suspected abuse and neglect of persons all in violation of the DD Act, PAIR and 42 U.S.C. § 1983;

B.      Enter preliminary and thereafter permanent injunctive relief, pursuant to 28 U.S.C. § 2202, requiring the Defendants to provide DRNC with access to the classroom as requested and produce the contact information of parents and/or guardians of students enrolled in the classroom for children with autism at Carroll Middle School and to permit DRNC to conduct an investigation.

C.      Retain jurisdiction over this action to ensure Defendants' compliance with the mandates of the DD Act and PAIR;

D.      Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b);

E.      Such other, further, or different relief as the Court deems equitable and just.

<u>September 16, 2008</u>　　　　　　　　　　DISABILITY RIGHTS NORTH CAROLINA
Date

　　　　　　　　　　　　　　　　　　　/s/ John R. Rittelmeyer
　　　　　　　　　　　　　　　　　　　John R. Rittelmeyer
　　　　　　　　　　　　　　　　　　　N.C. Bar No. 17204
　　　　　　　　　　　　　　　　　　　Iris Peoples Green
　　　　　　　　　　　　　　　　　　　N.C. Bar No. 27861
　　　　　　　　　　　　　　　　　　　2626 Glenwood Ave. Suite 550
　　　　　　　　　　　　　　　　　　　Raleigh, NC  27608
　　　　　　　　　　　　　　　　　　　(919) 856-2195 (telephone)
　　　　　　　　　　　　　　　　　　　(919) 856-2244 (facsimile)